UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON LEE MEYERS,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT KERNAN, et al.,<br><br>    Defendants. | Case No. 1:22-cv-0539-ADA-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 30) |

Plaintiff Leon Lee Meyers ("Plaintiff"), a state prisoner, is proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 26, 2023, the assigned Magistrate Judge issued findings and recommendations recommending that this action proceed on Plaintiff's retaliation claim against Defendants Thomas, Simpson, Aguilar, Espitia, Magdaleno, Medina, Denherder, Garza, and Bowlin, denial of access to the courts claim against Defendant Bowlin, and conditions of confinement claim against Defendants Espitia, Magdaleno, Nitescu, Ledbetter, and Contreras for exposure to COVID-19. (ECF No. 30.) It was further recommended that all other claims and Defendants be dismissed from the action for failure to state a claim for relief. (*Id.* at 15.) The findings and recommendations were served on Plaintiff and contained notice that any objections were to be filed within fourteen days. (*Id.* at 15.) Plaintiff filed objections on February 21, 2023. (ECF No. 31.)

1

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

In his objections, Plaintiff argues that he is neither required to demonstrate that he had contracted a disease to satisfy deliberate indifference to a serious medical need nor that Defendant Rizk had violated the California Code of Regulations. (ECF No. 31 at 1.) Plaintiff further explains that he was at high risk of contracting Covid-19. (*Id.*) In his Third Amended Complaint, Plaintiff claims that he is entitled to a single cell, rather than a shared cell, because he suffers from asthma, high blood pressure, and chronic kidney disease. (*See* ECF No. 24.) The Court, however, adopts the Magistrate Judge's findings and recommendations, holding that Plaintiff does not sufficiently allege that Defendant Rizk was deliberately indifferent by failing to grant him single cell status. (*See* ECF No. 30 at 9.) Plaintiff acknowledges that although he contracted Covid-19, it was not due to the lack of single cell status. Therefore, Plaintiff fails to allege sufficiently that Defendant Rizk's response to his alleged medical needs was deliberately indifferent.

Furthermore, as a basis for his American with Disabilities Act ("ADA") claim, Plaintiff argues that Defendants denied him the benefits of a single cell, rather than a shared cell. (*See* ECF No. 31 at 3.) The Court finds that single cell status may be an accommodation that Defendants could have denied Plaintiff based on an alleged disability. However, Plaintiff fails to allege sufficiently that he was excluded from participation in, or denied the benefits of, the single cell status because of an alleged disability, or that he was subjected to any type of discrimination by reason of an alleged disability. (*See* ECF No. 30 at 10.) Therefore, Plaintiff fails to allege sufficiently an ADA claim.

Accordingly,

1. The findings and recommendations issued on January 26, 2023, (ECF No. 30), are adopted in full;

2. This action proceeds on Plaintiff's retaliation claim against Defendants Thomas, Simpson, Aguilar, Espitia, Magdaleno, Medina, Denherder, Garza, and Bowlin,

       denial of access to the courts claim against Defendant Bowlin, and conditions of confinement claim against Defendants Espitia, Magdaleno, Nitescu, Ledbetter, and Contreras for exposure to COVID-19;

3. All other claims and Defendants are dismissed from the action for failure to state a claim for relief; and

4. The matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   June 1, 2023

UNITED STATES DISTRICT JUDGE