1

2

3

4

5

6                              UNITED STATES DISTRICT COURT

7                              EASTERN DISTRICT OF CALIFORNIA

8

9   LEON LEE MEYERS,                          No.  1:22-cv-00539-ADA-SAB (PC)

10                  Plaintiff,                 ORDER DENYING PLAINTIFF'S MOTION
                                               FOR APPOINTMENT OF COUNSEL,
11           v.                                WITHOUT PREJUDICE

12  SCOTT KERNAN, et al.,,                     (ECF No. 45)

13                  Defendants.

14

15          Plaintiff is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

16          Currently before the Court is Plaintiff's motion for appointment of counsel, filed

17  November 3, 2023.  Plaintiff seeks counsel because he is unable he is without funds, incarcerated,

18  the issues are complex, and he will need to conduct discovery and interview witnesses.

19          Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

20  Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to

21  represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for

22  the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional

23  circumstances the court may request the voluntary assistance of counsel pursuant to section

24  1915(e)(1).  Rand, 113 F.3d at 1525.

25          Without a reasonable method of securing and compensating counsel, the court will seek

26  volunteer counsel only in the most serious and exceptional cases.  In determining whether

27  "exceptional circumstances exist, the district court must evaluate both the likelihood of success

28  on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

1

1  complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

2      In the present case, the court does not find the required exceptional circumstances.  Even

3  if it assumed that plaintiff is not well versed in the law and that he has made serious allegations

4  which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with

5  similar cases almost daily.  While the Court recognizes that Plaintiff is at a disadvantage due to

6  his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the

7  appointment of counsel.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most

8  actions require development of further facts during litigation and a pro se litigant will seldom be

9  in a position to investigate easily the facts necessary to support the case.")  The test is whether

10  exception circumstances exist and here, they do not.  The Court has considered Plaintiff's request,

11  but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has

12  made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

13  This Court is faced with similar cases filed almost daily by prisoners who are proceeding pro se

14  who must obtain discovery, research complex legal issues, and gather witnesses. These plaintiffs

15  also must litigate their cases without the assistance of counsel.

16      In addition, based on a review of the record in this case, the Court does not find that

17  Plaintiff cannot adequately articulate his claims. Plaintiff is able to prepare and file documents

18  clearly setting forth his contentions, without assistance from counsel. Furthermore, although the

19  Court screened Plaintiff's third amended complaint and found that it stated a cognizable claim

20  that is proceeding in this action, this does not necessarily indicate a likelihood of success on the

21  merits.  Accordingly, Plaintiff's motion for appointment of counsel is denied, without prejudice.

22

23  IT IS SO ORDERED.

24  Dated:   **November 6, 2023**

     _____
     UNITED STATES MAGISTRATE JUDGE

25

26

27

28

2