UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON LEE MEYERS,<br><br>           Plaintiff,<br><br>    v.<br><br>SCOTT KERNAN, et al.,<br><br>           Defendants. | No. 1:22-cv-00539-KES-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>Docs. 48, 59 |

      Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On January 11, 2024, defendants filed a motion for summary judgment arguing that plaintiff's action must be dismissed for failure to exhaust administrative remedies. Doc. 48. Plaintiff filed an opposition and defendants replied. Docs. 53, 57. On May 1, 2024, the magistrate judge issued findings and recommendations recommending that defendants' motion be granted. Doc. 59. Specifically, the magistrate judge found that, while plaintiff filed several grievances during the relevant period from which this action stems, none of the grievances concerned the allegations in his complaint. *Id.* at 10–14. Additionally, plaintiff's conclusory allegations that other grievances were thrown away, and that prison officials threatened to retaliate against him, failed to establish that administrative remedies were unavailable to him. *Id.* at 14–20. The findings and recommendations were served on plaintiff and contained notice that

1  objections were to be filed within twenty-one (21) days of service. *Id*. at 20. Plaintiff filed
2  objections on May 28, 2024, and defendants replied on May 31, 2024. Docs. 60, 61.

3  Plaintiff's objections merely restate the evidence set forth in his opposition and are
4  unpersuasive. As the magistrate judge correctly noted, there is no evidence that plaintiff filed
5  grievances related to the allegations in his complaint. Plaintiff's conclusory assertion that
6  grievances related to his allegations were thrown away, and that he was threatened with
7  retaliation if he filed grievances, is undermined by the fact that plaintiff successfully filed other
8  grievances in the same time period. His conclusory allegations do not establish that
9  administrative remedies were unavailable to him. *See Albino v. Baca*, 747 F.3d 1162 (9th Cir.
10  2014).

11  In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court conducted a de
12  novo review of this case. Having carefully reviewed the file, including plaintiff's objections and
13  defendants' reply, the Court concludes that the findings and recommendations are supported by
14  the record and proper analysis.

15  On March 3, 2025, plaintiff filed a motion to reopen the case under Rule 60(b)(6).
16  Doc. 62. As plaintiff's motion was filed while the case was still open, it was premature. While
17  plaintiff briefly claimed in his motion that he has now exhausted his administrative remedies, he
18  failed to provide any evidence to support that conclusory allegation. Plaintiff's motion under
19  Rule 60(b)(6), Doc. 62, is therefore denied without prejudice.

20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

2

Accordingly:

1. The findings and recommendations issued on May 1, 2024, Doc. 59, are ADOPTED in full;
2. Defendants' motion for summary judgment, Doc. 48, is GRANTED;
3. This action is dismissed, without prejudice, for failure to exhaust administrative remedies;
4. Plaintiff's motion under Rule 60(b)(6), Doc. 62, is denied without prejudice; and
5. The Clerk of Court is directed to terminate all pending motions, enter judgment for defendants, and close this case.

IT IS SO ORDERED.

Dated:   September 15, 2025

UNITED STATES DISTRICT JUDGE

3